UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CEPEDA BROUGHTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos. 6:13-CV-1-DLB-REW |
| v. ) | & |
| ) | 6:13-CV-2-KSF-REW |
| J. C. HOLLAND, Warden, ) | |
| ) | RECOMMENDED DISPOSITION |
| Respondent. ) | |
| ) | |
| ) | |

\* \* \* \* \* \* \* \* \* \*

On December 28, 2012,[1] *pro se* Petitioner Cepeda Broughton filed two petitions for writs of habeas corpus under 28 U.S.C. § 2254. In the first, Case No. 6:13-CV-1-DLB-REW ("13-1"), Broughton seeks relief from a September 2010 conviction in the Criminal Court of Hamilton County, Tennessee. *See* 13-1, DE #1 at 1.[2] In the second, Case No. 6:13-CV-2-KSF-REW ("13-2"), Broughton seeks relief from a July 2010 conviction in the Jefferson County District Court in Birmingham, Alabama. *See* 13-2, DE #1 at 1. In both, Broughton raises essentially the same claims: ineffective assistance based on counsel's alleged failure to file a notice of appeal in accordance with Petitioner's instruction, and further based on counsel's alleged failure to advise Broughton that, as a consequence of his guilty plea, he could receive an increased

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Broughton affirmed under penalty of perjury that he executed and filed the petitions on December 28, 2012.

[2] Page numbers correspond to those imposed by the Court's cm/ecf electronic filing system.

1

criminal history score under the United States Sentencing Guidelines in the event he faced future federal charges. *See* 13-1, DE #1 at 6; 13-2, DE #1, Attach. 3 at 2-3. In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has conducted an initial review of both petitions. For the reasons set forth below, the Court recommends that the District Court transfer each petition to the respective district of conviction.

Broughton's petitions are plagued with a host of deficiencies and issues. Section 2254 provides that "a person *in custody* pursuant to the judgment of a State court" may seek a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a) (emphasis added). From the face of Broughton's petitions, it is unclear whether he is "in custody" pursuant to either the Tennessee or Alabama state court judgment. The Supreme Court has adopted an "expansive definition of the 'custody' requirement of the habeas statute." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1131 (1973); *see also Garlotte v. Fordice*, 115 S. Ct. 1948, 1951 (1995) (recognizing the Court's liberal construction of the "in custody" requirement for purposes of federal habeas). In particular, the Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *See Maleng v. Cook*, 109 S. Ct. 1923, 1925 (1989). Here, Broughton is currently in *physical* custody at the United States Penitentiary-McCreary ("USP-McCreary") in this District (*see* DE #1 at 1), apparently pursuant to a federal judgment in the United States District Court for the

Northern District of Georgia at Atlanta, Case No. 1:11-CR-130-AT-LTW.[3] This fact, however, does not necessarily mean that he is not "in custody" pursuant to either or both state court judgments for the purposes of § 2254. *See Braden*, 93 S. Ct. at 1125.

Broughton contends that he received an "11/29 suspended sentence" from the Tennessee Criminal Court of Hamilton County. *See* 13-1, DE #1 at 1; *see also* T.C.A. § 40-35-111(e)(1) (noting that the maximum term of imprisonment for a Class A misdemeanor is eleven months and twenty-nine days). Broughton further claims that the Jefferson County District Court in Alabama sentenced him to a suspended fifteen-year imprisonment term plus three years of unsupervised probation. *See* 13-2, DE #1 at 1. To the extent either sentence is unexpired, "carry[ing] with it possible revocation of suspension or other adverse action," it likely meets § 2254's custody requirement. *See Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir. 1986). On the other hand, to the extent Broughton "suffers no present restraint" from either conviction, *see Garlotte*, 115 S. Ct. at 1951, he cannot meet the custodial prerequisite for habeas relief. The record is unclear and depends on the particulars of each conviction and perhaps niceties of Tennessee and Alabama law.

In light of the fact that Broughton's habeas petitions raise issues of Tennessee and Alabama law, the question arises: Is the Eastern District of Kentucky the proper forum to hear his claims? In *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2722 (2004), the Supreme Court affirmed that, "for core habeas petitions challenging *present* physical confinement, jurisdiction lies in only one district: the district of confinement." (emphasis added). The

---

[3] The Court gathered this information using the federal court system's PACER ("Public Access to Court Electronic Records") website, www.pacer.gov. The federal conviction, it seems, is for conduct post-dating and factually unrelated to the state convictions.

3

Court explained, however, that where a prisoner in physical custody in one state challenges a form of nonphysical custody imposed or threatened by another state, "habeas jurisdiction requires only 'that the court issuing the writ have jurisdiction over the custodian.'"  *Id.* at 2723 (quoting *Braden*, 93 S. Ct. at 1130).

Here, in both petitions, Broughton names as respondent J.C. Holland, the Warden of USP-McCreary, his immediate physical custodian.  Again, however, Broughton does not contest the validity of the federal conviction resulting in his immediate physical custody.  Rather, he contests convictions in the Tennessee and Alabama state courts.  Under these circumstances, the proper respondents for each petition may be both Holland, the officer with current physical custody, *and* the attorney general of the state where judgment was entered, *i.e.*, the attorney general of Tennessee for 13-1 and the attorney general of Alabama for 13-2.  *See* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts (Advisory Committee Notes 1976 Adoption, addressing respondent identity in various scenarios involving attack against other than present custody).  The Court notes, however, that in *Padilla*, the Supreme Court, discussing *Braden*, stated again that the proper respondent to an Alabama prisoner's habeas petition challenging a detainer lodged against him in Kentucky "was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged."  *Padilla*, 124 S. Ct. at 2719.  According to the Court, this "made sense" because the Alabama warden was not the person holding the prisoner "in what was alleged to be unlawful custody."  *Id.* (citing *Braden*, 93 S. Ct. at 1129) (internal quotation marks omitted); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 952 n. 6 (7th Cir. 2006); *Holder v. Curley*, 749 F. Supp. 2d 644,

4

Case: 6:13-cv-00002-KSF-REW   Doc #: 2   Filed: 01/25/13   Page: 5 of 8 - Page ID#: 29

645 (E.D. Mich. 2010). *Padilla* confirmed *Braden*'s validity in non-core proceedings—those not contesting current physical custody. The Court agreed that in a challenge, as here, to something other than physical confinement, the immediate custodian rule is inapplicable. In any event, while the propriety of naming the USP-McCreary warden as a respondent is not entirely clear, it *is* clear that a Tennessee state official is a proper respondent to Broughton's 13-1 petition, and an Alabama official is a proper respondent to Broughton's 13-2 petition. Such state officials have the *Braden* "legal control" over the "challenged custody." *Padilla*, 124 S. Ct. at 2719-25. Accordingly, transfer of the petitions to the states of conviction is permissible, as these states will have jurisdiction over the state officer alleged to be holding Broughton in unlawful custody. *See Putnam v. Rios*, 2007 WL 20071777, at *4-5 (E.D. Ky. July 19, 2007).

Moreover, the Court finds that transfer to the respective states of conviction is warranted and appropriate under the standards of 28 U.S.C. § 1404(a).[4] As noted by the Eastern District of Michigan in *Holder v. Curley*, "[c]ommon sense dictates that [these] matter[s] would best be litigated" in Tennessee and Alabama, the districts of conviction, as these venues are more familiar with the law of each state of conviction. 749 F. Supp. 2d at 648. Retaining jurisdiction over Broughton's petitions "would place this court in a bizarre position of potentially setting aside" a Tennessee or Alabama state court conviction, "[a] proposition that seems unattainable or at least completely undesirable."

---

[4] Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." With §1404(a), "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citation omitted). In making a decision pursuant to § 1404(a), courts should consider several factors, including case-specific factors, public-interest factors, and private concerns. *See id.*

5

*See id.* at 647 (quotation omitted). In addition, transfer resolves any questions about this Court's ability to obtain personal jurisdiction over Tennessee and Alabama state officials. In short, Kentucky is not the best forum, and may not even be a valid forum, for Broughton's claims.[5]

---

[5] Although recommending transfer, the Court notes that the habeas statute of limitations appears to bar Broughton's claims. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, Broughton states that the Tennessee Criminal Court entered the judgment of conviction he challenges on September 28, 2010. 13-1, DE #1 at 1. He states that the Jefferson County District Court in Alabama entered the relevant judgment of conviction on July 22, 2010. 13-2, DE #1 at 1. Broughton further indicates that he did not appeal either conviction. *See* 13-1, DE #1 at 2; 13-2, DE #1 at 2. Accordingly, Broughton's Tennessee conviction became final thirty days post-judgment, in October of 2010, when his time to appeal expired. *See* Tenn. R. App. P. 4. His Alabama conviction became final forty-two days post-judgment, in September of 2010, again when his time to appeal expired. *See* Al. R. App. P. 4(a)(1). Broughton filed his habeas corpus petitions well more than one year after both convictions became final, rendering them facially time-barred under § 2244(d)(1)(A).

6

Accordingly, for the reasons discussed above, the Court **RECOMMENDS** that the District Court **TRANSFER** the petition for writ of habeas corpus filed in Case No. 6:13-CV-1-DLB-REW to the United States District Court for the Eastern District of Tennessee, Southern Division at Chattanooga.  *See* 28 U.S.C. § 123(a)(3).  The Court also **RECOMMENDS** that the District Court **TRANSFER** the petition for writ of habeas corpus filed in Case No. 6:13-CV-2-KSF-REW to the United States District Court for the Northern District of Alabama, Southern Division at Birmingham.[6]  *See* 28 U.S.C. § 81(a)(3).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.[7]  Within fourteen days after being served with a copy of this decision, any party

---

Broughton appears to argue that the one-year limitation period should run from March 20, 2012, the date the Supreme Court issued its decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), making his petitions timely under § 2244(d)(1)(C). In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315.  The Court specifically defined "initial-review collateral proceedings" for purposes of its decision as those "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial."  *Id.*  It is the statute of limitations, not primarily a procedural default, that most threatens Petitioner's efforts.  He knew the non-advice and failure to appeal occurred and yet did not file timely § 2254 applications.  The Court fails to see how Broughton's claims implicate *Martinez*.  Ultimately, however, the courts in Tennessee and Alabama will have to decide issues regarding the statute of limitations, including whether Broughton may be able to make an argument that would justify equitable tolling of the limitation period.

[6] Because a transfer order is not a "final order" within the meaning of 28 U.S.C. § 2253(c)(1)(A), there is no need for a certificate of appealability analysis. *See Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1992); *Mohler v. Gunja*, 11 F. App'x 321 (4th Cir. 2001).

[7] There is some debate regarding whether a decision to transfer is a dispositive matter under 28 U.S.C. § 636(b)(1)(B), or a non-dispositive matter under § 636(b)(1)(A).  *See*

7

may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 25th day of January, 2013.



Signed By:
Robert E. Wier
United States Magistrate Judge

---

*Payton v. Saginaw County Jail*, 743 F. Supp. 2d 691, 692-93 (E.D. Mich. Oct. 12, 2010). Courts treating a decision to transfer as non-dispositive reason that such decisions "do not address the merits of the case, but only the forum where an action is adjudicated[.]" *See id.* at 692 (citing cases); *see also Jackson v. Federal Bureau of Prisons*, 2010 WL 3908654 (W.D. Mich. Oct. 1, 2010). Courts treating a transfer decision as dispositive reason that "activity in the case *in that forum* is terminated." *Payton*, 743 F. Supp. 2d at 693 (emphasis in original); *see also Setzer v. State*, 1985 WL 6032, at *1 (D. Del. Nov. 7, 1985).

     A district judge reviews objections to a magistrate judge's recommendation on a dispositive matter *de novo*. *See* § 636(b)(1)(B)-(C). The review standard for a magistrate judge's order on a non-dispositive matter is "clearly erroneous or contrary to law." § 636(b)(1)(A). Here, the Court is recommending transfer *sua sponte*, after conducting an initial review of Broughton's habeas petitions, not pursuant to any motion for a change of venue. Further, § 636(b)(1)(B) specifically references applications for post-trial relief filed by individuals convicted of criminal offenses, and the Court's recommendation, if accepted, will dispose of Broughton's petitions in this District. For these reasons, the Court issues this recommendation under subsection (B) of the statute, preserving Broughton's right to *de novo* review, to the extent he files objections in the requisite time period.