UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:13-cv-2-KSF-REW

CEPEDA BROUGHTON PETITIONER

V. **OPINION & ORDER**

J.C. HOLLAND RESPONDENT

* * * * * * * * * * * * *

On December 28, 2012, petitioner, Cepeda Broughton, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] seeking relief from a July 2010 conviction in the Jefferson County District Court in Birmingham, Alabama. Concurrently with the petition before this Court, Broughton also filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from a September 2010 conviction in the Criminal Court of Hamilton, Tennessee. *See* Case No. 6:13-cv-1-DLB-REW. However, only the petition related to the Alabama conviction is pending before this Court. Both petitions raise claims of ineffective assistance of counsel based on counsel's alleged failure to file a notice of appeal in accordance with Broughton's instructions, as well as counsel's alleged failure to advise Broughton that, as a consequence of his guilty plea, he could receive an increased criminal history score under the United States Sentencing Guidelines in the event he faced future federal charges. Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and 28 U.S.C. § 636(b), both petitions were forwarded to the United States Magistrate Judge for an initial review.

On January 25, 2013, the Magistrate Judge filed his Recommended Disposition recommending that both petitions be transferred to the respective district of conviction [DE #2]. The Magistrate Judge first noted that, from the face of Broughton's petitions, it is unclear whether he is "in custody" within the meaning of 28 U.S.C. § 2254(a) pursuant to either the Tennessee or Alabama state court judgments. Complicating matters, Broughton is currently in physical custody at the United States Penitentiary-McCreary ("USP-McCreary") in this District, apparently pursuant to a federal judgment in the United States District Court for the Northern District of Georgia at Atlanta. However, whether Broughton currently suffers "present restraint" from his Alabama conviction depends upon the particulars of this conviction, as well as Alabama law. In addition, the Magistrate Judge noted that, to the extent that Broughton challenges his Alabama conviction, a clearly proper respondent for his petition is the attorney general for Alabama, while the propriety of naming the USP-McCreary warden as a respondent is unclear. Because an Alabama official has "legal control" over the "challenged custody," and Alabama has jurisdiction over the state officer alleged to be holding Broughton in unlawful custody, transfer of Broughton's petition to Alabama is permissible. Finally, the Magistrate Judge determined that transfer of Broughton's petition to Alabama is warranted and appropriate under the standards of 28 U.S.C. §1404(a). For all of these reasons, the Magistrate Judge recommended that this Court transfer the petition for writ of habeas corpus filed in this case to the United States District Court for the Northern District of Alabama, Southern Division at Birmingham. *See* 28 U.S.C. § 81(a)(3).

Neither Broughton nor the Respondent filed objections to the Magistrate Judge's Recommended Disposition and the time for same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection

is made, 28 U.S.C. § 636(b)(1)(B), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record, is in agreement with the Magistrate Judge's Recommended Disposition and will **TRANSFER** Broughton's petition for writ of habeas corpus to the United States District Court for the Northern District of Alabama, Southern Division at Birmingham.[1]

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that:

(1) the Magistrate Judge's Recommended Disposition [DE #2] is **ADOPTED** as and for the opinion of the Court; and

(2) the Clerk of the Court is **DIRECTED** to **TRANSFER** the petitioner's petition for a writ of habeas corpus [DE #1] to the United States District Court for the Northern District of Alabama, Southern Division at Birmingham.

This February 20, 2013.




**Signed By:**

***Karl S. Forester*** KSF

**United States Senior Judge**

---

[1]As noted by the Magistrate Judge, because a transfer order is not a "final order" within the meaning of 28 U.S.C. § 2253(c)(1)(A), there is no need for a certificate of appealability analysis. *See Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1992); *Mohler v. Gunja*, 11 F.App'x 321 (4th Cir. 2001).